IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | | |
|---|---|---|
| JAMES DYLAN BRYANT, | § | |
| TDCJ No. 2237271, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 7:18-cv-00143-M-BP |
| | § | |
| CAPTAIN LISA PATTERSON, *et al.*, | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court are the Motion for Default Judgment/Motion for Summary Judgment (ECF No. 39) filed on March 21, 2019 by Plaintiff James Dylan Bryant ("Bryant"); Response to the Motion for Default Judgment (ECF No. 41) filed on March 29, 2019 by Defendants Josephine A. Colunga, Dr. Branden Ohman, Captain Lisa Patterson, and Corporal Debra White ("the Defendants"); Bryant's Reply in Support of Motion for Default Judgment (ECF No. 43) filed on April 10, 2019; Defendants' Response to Bryant's Motion for Summary Judgment (ECF No. 44) and Brief in Support (ECF No. 45) filed on April 11, 2019; and Bryant's Reply in Support of Motion for Summary Judgment (ECF No. 46) filed on April 25, 2019. Also pending is Bryant's Motion for Injunctive Relief (ECF No. 18) filed on October 29, 2018.

After reviewing the pleadings and applicable legal authorities, the undersigned **RECOMMENDS** that Chief United States District Judge Barbara M. G. Lynn **DENY** Bryant's Motion for Default Judgment/Motion for Summary Judgment (ECF No. 39) and Motion for Injunctive Relief (ECF No. 18).

**I.     FACTUAL BACKGROUND**

Bryant, proceeding *pro se* and *in forma pauperis*, filed this case on September 12, 2018, alleging that Defendants violated his civil rights by denying him medical treatment for a hand injury sustained during his arrest. (ECF No. 1). On September 27, 2018, Bryant filed an amended complaint. (ECF No. 5). The following alleged facts are taken from his amended complaint and response (ECF No. 20) to the Court's questionnaire (ECF No. 19).

On August 9, 2018, Bryant was arrested and taken to the Wichita County Jail Annex. (ECF No. 5 at 4). He arrived at the jail with a broken hand and was refused medical attention. (*Id.*). Nurse Colunga "[r]ushed [him] through [b]ook-in; and [d]enied [his] need for emergency medical attention." (*Id.* at 3). (*See also* ECF No. 20 at 6, 9). Dr. Ohman examined Bryant twenty-four days after he entered the jail. (ECF No. 5 at 4, 6). This delay violated the jail's protocol. (*Id.* at 6).

Bryant filed numerous grievances and requested "sick calls" to have the jail's administrators investigate his hand injury. (*Id.*). Corporal White "[f]ailed to [p]roperly look into [his] grievances, furthering the wait time it took for [him] to receive proper medical care," and Captain Patterson "[f]ailed to realize [he] was denied [his] right for medical care upon [b]ook-in." (*Id.* at 3). Corporal White and Captain Patterson denied his grievances because they incorrectly presumed that he was complaining of a previous hand injury sustained in June 2017. (*Id.* at 6). One of his treating physicians, Dr. Dan Babbel, told him that his current hand injury "was not an old injury, and . . . compared . . . two [x]-[r]ay[s]," showing him the differences between his old and current injuries. (*Id.*). (*See also* ECF No. 20 at 4). Dr. Babbel informed him that because he "was not given immediate medical attention, [his current hand injury] . . . healed wrong," and that "the disfigurement [could] not be fixed by surgery due to the amount of

2

calcification." (ECF No. 5 at 6). On the same day he saw Dr. Babbel, his hand was put in a cast and was still in a cast on September 27, 2018, the day he filed his amended complaint. (*Id.*). Dr. Ohman "overlooked the fact that [he] had a broken hand & [d]enied [his] need for medical care." (*Id.* at 3).

In his response to the Court's questionnaire, Bryant clarified that his right hand was injured during his arrest because law enforcement "rough handl[ed]" him and "stepp[ed] on [his] hand while [he] was laying facedown." (ECF No. 20 at 2-3). When Bryant arrived at the jail, his right hand was "in pain [and] swol[l]en," his "[b]one was sticking out . . . in a disfigured manner," and he "was unable to . . . close [his right] hand all the way." (*Id.* at 4). "Even a layperson could see [his right] hand was broken [and] [n]eeded immediate medical attention." (*Id.*). Dr. Jason Holinbeck confirmed that Bryant's right hand was broken when he saw him six weeks after he was booked into the jail. (*Id.*). The injury to his right hand constituted a serious medical condition because he was given a referral to an orthopedic doctor. (*Id.*).

After Bryant filed his amended complaint and response to the Court's questionnaire, the Court ordered the Defendants to answer or file a responsive pleading. (*See* ECF No. 26). Thereafter, Corporal White and Captain Patterson filed a Motion for Continuance (ECF No. 30) to extend their answer date. The Court granted the Motion on February 7, 2019 and extended their answer deadline until Saturday, March 9, 2019. (*See* ECF No. 31). Corporal White and Captain Patterson filed their answer on March 11, 2019, the next day following March 9 that was not a Saturday, Sunday, or a legal holiday, as provided by Federal Rule of Civil Procedure 6(a)(1)(C). (ECF No. 36).

On February 28, 2019 and March 5, 2019, respectively, Dr. Ohman and Nurse Colunga were properly served with process. (*See* ECF Nos. 37-38). They filed their joint answer to

3

Bryant's amended complaint on March 22, 2019. (ECF No. 40). Before they filed their answer, Bryant filed the instant Motion for Default Judgment/Motion for Summary Judgment on March 21, 2019 in which he alleges that the Defendants failed to answer his amended complaint and requests entry of default judgment. (ECF No. 39 at 1-2). He further alleges that he is entitled to summary judgment because he provided the Court with supplementary evidence and a founded grievance from the Wichita County Jail Annex, demonstrating that he suffered a constitutional violation when he was denied medical attention for his hand injury. (*Id.* at 3). The parties have briefed Bryant's Motion (ECF No. 39), and it is ripe for adjudication.

In his Motion for Injunctive Relief (ECF No. 18) filed on October 29, 2018, Bryant alleges that he had not received physical therapy twice per week for six weeks as was prescribed for his hand injury. (*Id.* at 1). He also requested that the Court release him on an "[a]ppearance [b]ond" while awaiting trial and sentencing on his state charges, making physical therapy more accessible. (*Id.*).

## II.    LEGAL STANDARD

### A.    Motion for Default Judgment

Federal Rule of Civil Procedure 55(a) requires the clerk, upon proper proof, to enter a default against a defendant who "has failed to plead or otherwise defend." Fed. R. Civ. P. 55(a). "Appearance" for purposes of Rule 55 is not "confined to physical appearances in court or the actual filing of a document in the record." *Sun Bank of Ocala v. Pelican Homestead & Sav. Ass'n*, 874 F.2d 274, 276 (5th Cir. 1989). Instead, an appearance is any act, including informal acts, on a defendant's part that are responsive to plaintiff's formal action and may be deemed "sufficient to give plaintiff a clear indication of defendant's intention to contest the claim." *Id.*

4

### B. Motion for Summary Judgment

Summary judgment is appropriate when, viewing the evidence and all justifiable inferences in the light most favorable to the non-moving party, there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Hunt v. Cromartie*, 526 U.S. 541, 549 (1999). The appropriate inquiry for the Court to make is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251–52 (1986).

The party moving for summary judgment has the initial burden to prove there is no genuine issue of material fact for trial. *Provident Life & Accident Ins. Co. v. Goel*, 274 F.3d 984, 991 (5th Cir. 2001). Accordingly, a party seeking summary judgment that bears the burden of proof on an issue "must establish beyond peradventure all of the essential elements of the claim or defense to warrant judgment in [the party's] favor." *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986) (emphasis omitted). To meet this burden, the movant must identify those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986).

In response, the nonmovant "may not rest upon mere allegations contained in the pleadings but must set forth and support by summary judgment evidence specific facts showing the existence of a genuine issue for trial." *Ragas v. Tennessee Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998) (citing *Anderson*, 477 U.S. at 255–57). Citations to evidence must be specific, and "a party must support each assertion by citing each relevant page of its own or the opposing party's appendix." Local Civil Rule of the Northern District of Texas 56.5(c).

### C. Injunctive Relief

An injunction "is an extraordinary and drastic remedy, not to be granted routinely, but only when the movant, by a clear showing, carries the burden of persuasion." *White v. Carlucci*, 862 F.2d 1209, 1211 (5th Cir. 1989). The party seeking injunctive relief must clearly establish entitlement to that relief. *Guy Carpenter & Co. v. Provenzale*, 334 F.3d 459, 464 (5th Cir. 2003).

## III. ANALYSIS

### A. Bryant's Motions for Default Judgment and Summary Judgment Should be Denied.

#### 1. *Motion for Default Judgment*

Bryant seeks a default judgment against the Defendants because they did not timely answer his amended complaint. (ECF No. 39 at 1-2). Defendants respond that Corporal White, Captain Patterson, and Nurse Colunga timely answered Bryant's amended complaint, and although Dr. Ohman's answer was filed a day after the deadline, his tardiness should be excused and does not warrant entry of a default judgment against him. (ECF No. 41 at 3-6).

Bryant's Motion for Default Judgment is not procedurally proper because the Clerk of Court did not previously enter default. *See* Fed. R. Civ. P. 55. But even if his Motion for Default Judgment were proper, it still should be denied because it lacks merit. Corporal White and Captain Patterson complied with the Court's order to answer as well as Federal Rule of Civil Procedure 6(a)(1)(C) by answering Bryant's amended complaint on March 11, 2019.

Dr. Ohman was properly served with process on February 28, 2019, and Nurse Colunga was properly served on March 5, 2019. (ECF Nos. 37 and 38). Under Federal Rule of Civil Procedure 12(a)(1)(A)(i), Dr. Ohman had until March 21, 2019 to file an answer or other responsive pleading to Bryant's amended complaint, and Nurse Colunga had until March 26, 2019. Nurse Colunga and Dr. Ohman filed their joint answer on March 22, 2019, making Nurse

Colunga's answer timely and Dr. Ohman's answer one day late. (ECF No. 40). Thus, a request for default judgment against Nurse Colunga is unwarranted and meritless. The Clerk of Court could have entered default against Dr. Ohman had Bryant requested it and made proper proof under Rule 55(a). However, Bryant did not make that request before moving for default judgment against Dr. Ohman. And even if he had made the request and the Clerk entered default, the Court could set aside an entry of default upon a showing of good cause, which is not a difficult showing to make. Fed. R. Civ. Proc. 55(c). *See also Amberg v. Federal Deposit Ins. Corp.*, 934 F.2d 681, 685 (5th Cir. 1991).

In considering whether good cause exists to grant a defendant relief from the entry of default, the Court considers: "(1) whether the failure to act was willful; (2) whether setting the default aside would prejudice the adversary; and (3) whether a meritorious claim has been presented." *Effjohn Int'l Cruise Holdings, Inc. v. A & L Sales, Inc.*, 346 F.3d 552, 563 (5th Cir. 2003) (citation omitted). "These factors are not exclusive; instead, they are to be regarded simply as a means to identify good cause." *Id.* (citation omitted). "Other factors may be considered, such as whether the party acted expeditiously to correct the default." *Id.*

Here, Bryant neither alleges nor presents evidence that Dr. Ohman acted willfully in filing his answer one day late. Had a default been entered against Dr. Ohman, setting it aside would not prejudice Bryant because a scheduling order has not been entered, discovery has not been completed, and the case is still in the preliminary stages. Moreover, Dr. Ohman alleges a meritorious defense to Bryant's claims in that he "properly relied on his clinical judgment following his examination of [Bryant] to reach the medical conclusion that [his] claimed wrist injury pre-existed his arrest and detention." (ECF No. 41 at 5). If proven to be true, Dr. Ohman's exercise of clinical judgment in diagnosing Bryant would not support a claim under section

7

1983. *Varnado v. Lynaugh*, 920 F.2d 320, 321 (5th Cir. 1991); *see also Estelle v. Gamble*, 429 U.S. 97, 107 (1976) (Whether to provide medical treatment or decisions concerning the type of medical treatment "[are] classic examples of . . . matter[s] for medical judgment."). Finally, Dr. Ohman acted expeditiously to correct any default by filing his answer the day after the deadline. For these reasons, Bryant's request for entry of default judgment against Dr. Ohman should be denied.

### 2. Motion for Summary Judgment

Bryant argues that he is entitled to summary judgment because he presented a "FOUNDED GRIEVANCE" and "appropriate medical records that clearly show . . . the deliberate indifference that establishes . . . [a] [c]onstitution [v]iolation did in fact occur due to the [f]ault of [a]ctions by those listed . . . [w]ithin the Wichita County Jail [Annex]." (ECF No. 39 at 3). He alleges that he has proven that he was denied "[m]edical [t]reatment that resulted in pain . . . suffering; and [a] debilitative hand injury." (*Id.*). Defendants respond that Bryant failed to support his Motion with appropriate summary judgment evidence needed to satisfy the legal standard, and that genuine issues of material fact exist regarding his claims. (ECF No. 45).

Title 42 U.S.C. § 1983 provides a cause of action for "the deprivation of any rights, privileges, or immunities secured by the Constitution and laws." 42 U.S.C. § 1983 (West 2012). Deliberate indifference to serious medical needs of prisoners constitutes the unnecessary and wanton infliction of pain, which is proscribed by the Eighth Amendment because its prohibition against cruel and unusual punishment embodies "broad and idealistic concepts of dignity, civilized standards, humanity, and decency." *Jackson v. Bishop*, 404 F.2d 571, 579 (8th Cir. 1968). "[D]eliberate indifference to medical needs amounts to an Eighth Amendment violation only if those needs are 'serious.'" *Hudson v. McMillian*, 503 U.S. 1, 9 (1992) (citation omitted).

"A serious medical need is one for which treatment has been recommended or for which the need is so apparent that even laymen would recognize that care is required." *Gobert v. Caldwell*, 463 F.3d 339, 345 n.12 (5th Cir. 2006).

Bryant asserts deliberate indifference, but he failed to offer any competent summary judgment evidence to support his claims. Even though Bryant alleges that he was denied medical treatment, he did not support this allegation with any evidence in the summary judgment record or substantive law. Nor did he cite to the record even once.

In response, the Defendants raise numerous issues of material fact, including: (1) "the propriety of the handling of the jail's book-in/intake process;" (2) Bryant's "pre-existing medical condition and past injuries;" (3) "the number, timing, and content of any sick call requests and responses . . .;" (4) "the thought processes of [Dr.] Ohman and [Nurse] Colunga in connection with any information received from [Bryant] in relation to any claimed medical need and treatment;" and (5) "the extent to which, if at all, [Bryant] has sustained a serious injury that would not have occurred without any alleged deliberate indifference." (ECF No. 45 at 6). In the absence of competent summary judgment evidence to support his Motion, and the numerous fact issues that Defendants raise, Bryant's request for summary judgment should be denied.

**B.    Bryant's Motion for Injunctive Relief Should be Denied as Moot**.

Bryant is no longer confined at the Wichita County Jail Annex and is now an inmate at the Lindsey State Jail of the Texas Department of Criminal Justice in Jacksboro, Texas. (*See* ECF No. 27). Consequently, the injunctive relief Bryant seeks can no longer be granted because he apparently has been tried on his state charges and sentenced to imprisonment in the Lindsey State Jail. Thus, his Motion for Injunctive Relief (ECF No. 18) should be denied as moot.

## RECOMMENDATION

After reviewing the pleadings and applicable legal authorities, the undersigned **RECOMMENDS** that Chief United States District Judge Barbara M. G. Lynn **DENY** Plaintiff's Motion for Default Judgment/Motion for Summary Judgment (ECF No. 39) and his Motion for Injunctive Relief (ECF No. 18).

A copy of this Findings, Conclusions, and Recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this Findings, Conclusions, and Recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b)(1). To be specific, an objection must identify the specific finding or recommendation to which the objection is made, state the basis for the objection, and specify the place in the magistrate judge's Findings, Conclusions, and Recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

It is so **ORDERED** on **July 16**, **2019**.

/s/ Hal R. Ray, Jr.
Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE