IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | | |
|---|---|---|
| JAMES DYLAN BRYANT, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 7:18-cv-00143-M-BP |
| | § | |
| CAPTAIN LISA PATTERSON, *et al.*, | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

This is a civil rights action filed by a prisoner who, at the time of filing, was confined in the Wichita County Jail in Wichita Falls, Texas. *See* Complaint, ECF No. 1 at 2. Plaintiff claims that Defendants denied him medical treatment for a broken hand. *Id.* at 1. He seeks payment of all medical bills and compensatory and punitive damages. ECF No. 5 at 4. The events giving rise to his Complaint occurred on or about August 9, 2018. *Id.*

On September 12, 2018, the Clerk of Court mailed to the Plaintiff the Instructions to a Prisoner *Pro Se* Plaintiff. *See* ECF No. 3. Over the next several months, Plaintiff filed pleadings and received orders of the Court while he was confined in the Wichita County Jail. On January 16, 2019, Plaintiff filed a notice of change of address and requested that mail be directed to him at the Lindsey State Jail in Jacksboro, Texas. ECF No. 27. The Clerk mailed orders and other correspondence to Plaintiff at the address he provided. On August 14, 2019, Plaintiff filed another notice of change of address, notifying the Court of his new address at the Jack County Jail, in Jacksboro, Texas. ECF No. 55. The Clerk mailed the Scheduling Order to Plaintiff at that address on August 29, 2019, according to the docket sheet.

1

On September 3, 2019, Plaintiff filed his final notice of change of address, requesting that mail be sent to him at the San Juan County Jail in Farmington, New Mexico. ECF No. 57. On September 13, 2019, the Clerk mailed another copy of the Scheduling Order to Plaintiff at the new address provided, according to the entry on the docket sheet. On September 30, 2019, the letter containing the Scheduling Order that was mailed to Plaintiff at the San Juan County Jail was returned to the Clerk as undeliverable. *See* ECF No. 59. Written on the envelope were the words "RTS NOT HERE." *Id. at 1*. The United States Postal Service label affixed to the envelope contained the words "RETURN TO SENDER . . . ATTEMPTED – NOT KNOWN . . . UNABLE TO FORWARD." *Id.*

The next order sent to the Plaintiff also was returned. On December 20, 2019, the Court entered an order denying Plaintiff's Motion for Extension. ECF No. 62. The Clerk mailed a copy of the order to Plaintiff at his address of record at the San Juan County Jail. On January 2, 2020, the letter containing the order was returned to the Clerk as undeliverable. ECF No. 63. Written on the envelope were the letters "RTS." *Id. at 1*. The United States Postal Service label affixed to the envelope contained the words "RETURN TO SENDER . . . REFUSED . . . UNABLE TO FORWARD." *Id.*

The Court's next order mailed to the Plaintiff was returned as well. On May 29, 2020, the Court entered an order directing Plaintiff to file a response to Defendants' Motion for Summary Judgment. ECF No. 68. The Clerk mailed a copy of the order to Plaintiff at his record address at the San Juan County Jail. On June 10, 2020, the envelope containing the order was returned to the Clerk as undeliverable. ECF No. 69. Written on the envelope were the letters "RTS" and the words "not here." *Id. at 1*. The United States Postal Service label affixed to the envelope

contained the words "RETURN TO SENDER . . . ATTEMPTED – NOT KNOWN . . . UNABLE TO FORWARD." *Id.*

Plaintiff has not updated his address with the Court following his release or transfer from the San Juan County Jail in New Mexico. The Instructions to a Prisoner *Pro Se* Plaintiff sheet that was mailed to Plaintiff at the commencement of this case provides: "2. **Address Change** – You must notify the Court if your address changes, or your case may be dismissed. Promptly file a written change of address notice in your case." *See* ECF No. 3.

The instructions contained in the form civil rights complaint signed by Plaintiff likewise informed him of his obligation to keep his address current as follows:

> **CHANGE OF ADDRESS**
>
> It is your responsibility to inform the Court of any change of address and its effective date. Such notice should be marked **"NOTICE TO THE COURT OF CHANGE OF ADDRESS"** and shall not include any motion for any other relief. Failure to file a NOTICE TO THE COURT OF CHANGE OF ADDRESS may result in the dismissal of your complaint pursuant to Rule 41(b), Federal Rules of Civil Procedure.

*See* ECF No. 5 at 2. Additionally, under **"PLAINTIFF'S DECLARATIONS,"** which are set forth at the end of the complaint form, Plaintiff subscribed to the following statement: "2. I understand, if I am released or transferred, it is my responsibility to keep the court informed of my current mailing address and failure to do so may result in the dismissal of this lawsuit." *Id.* at 5.

Plaintiff apparently understood the requirement for notifying the Court of changes to his address since he filed three notifications of such changes. *See* ECF Nos. 27, 55, and 57. However, he has not updated his address from the San Juan County Jail, where he is no longer confined. The Clerk is not aware of his current mailing address. The undersigned also notes that

counsel for Defendants contacted the Court because correspondence to the Plaintiff from his office had been returned as undeliverable.

Because Plaintiff has failed to keep the Court apprised of his current address, as he previously did, and in direct conflict with the instructions he received and signed, it appears that he no longer wishes to pursue his claims in this case. Accordingly, the undersigned **RECOMMENDS** that Chief Judge Barbara M. G. Lynn dismiss this action without prejudice for want of prosecution. *See* Fed. R. Civ. P. 41(b). Such dismissal should be without prejudice to the Plaintiff's right to reopen the case by providing an updated address within thirty days of the date of the Court's order of dismissal.

A copy of this Findings, Conclusions, and Recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this Findings, Conclusions, and Recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b)(1). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

Signed June 30, 2020.

_____
Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE